UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ELIJAH L. PALMER, et al., | Case No. 2:20-cv-00250-RFB-VCF |
| Plaintiff, | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

On February 3, 2020, plaintiffs Elijah L. Palmer, Robert Alan Roginsky, Kevin Sunseri, Albert Moyle, Brian Ford, Timothy Sledge, Jeff Kerr, Matt Frazier, Richard Feverborn, and Jose Garcia submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 that was signed by all ten plaintiffs. (ECF No. 1-1). Plaintiff Elijah Palmer filed an incomplete application to proceed *in forma pauperis*. (ECF No. 1). None of the other plaintiffs has filed an application to proceed *in forma pauperis* or paid a filing fee.

I. **JOINDER OF PLAINTIFFS**

A person may be permissibly joined as a plaintiff under Rule 20 if (1) he or she asserts "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). However, under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Thus, even where the requirements of Rule 20 are met,

a district court should also consider whether permissive joinder of plaintiffs would comport with principles of judicial economy and further fundamental fairness and whether joinder would result in prejudice to either side. *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (holding that, even once Rule 20 requirements are met, a district court must examine whether joinder would comport with principles of fundamental fairness or would result in prejudice to any party).*see also Harmon v. Brown*, 2018 WL 6243246, at *1 (S.D. Cal. Nov. 29, 2018) ("Even if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness."). Courts have broad discretion regarding severance. *See Coleman*, 232 F.3d at 1297.

Here, although the claims all appear to involve conditions of confinement, there are likely to be some different questions of law and fact applying to the various plaintiffs. *See Coughlin*, 130 F.3d at 1351 (recognizing that all of plaintiffs' claims would be brought under same laws, but that did not necessarily establish a common question of law or fact , and the court still would have to give each claim individualized attention because each plaintiff's claim was discrete and involved different issues). That is partly because it appears that not all plaintiffs were subject to all of the same conditions and also because it is apparent from the complaint that the plaintiffs were in the holding cells for different periods of time. (*See, e.g.,* ECF No. 1-1 at 2-4, 8, 9). The amount of time to which a plaintiff is subjected to a condition of confinement is a significant factor in determining whether the condition violated that plaintiff's constitutional rights. *See Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). It is difficult to assess whether all the plaintiffs' claims in this case arise out of the same transaction, occurrence, or series of transactions

2

or occurrence and common issue of fact. However, the Court will assume that there is at least one common question of fact arising out of a series of occurrences.

Nevertheless, even assuming that plaintiffs here meet the requirements of Rule 20(a), in this case, the Court still would not permit joinder of plaintiffs' claims in one complaint. It appears that joinder of the plaintiffs' claims would not promote fairness and judicial economy or reduce inconvenience and delay. Rather, joinder would do the opposite. Plaintiffs are not attorneys and therefore no plaintiff would be permitted to represent other plaintiffs. *Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Under Rule 11(a) of the Federal Rules of Civil Procedure, each plaintiff would be required to sign every filing in this case. It appears that all the plaintiffs were in the custody of the Clark County Detention Center ("CCDC") at the time the complaint was filed. (ECF No. 1-1 at 3). As is indicated in the complaint, CCDC contains multiple towers and numerous units. (ECF No. 1-1 at 4, 6). That alone would make it difficult for all the plaintiffs to confer and agree on every filing and sign every filing and do so in a timely manner. To further compound this problem, it is extremely likely that many of the plaintiffs would be released from custody or transferred to various state prisons and camps throughout Nevada with varying security and communication systems. It is very unlikely that all of the prisoners would be in the same location for the duration of the litigation. Such a situation almost certainly would result in delay, confusion, inconvenience, and judicial inefficiency. It also might very well result in unfairness to at least some of the plaintiffs. As courts have recognized, in such circumstances it is appropriate not to permit joinder by multiple prisoner plaintiffs in one action. *See Lewis v. Nevada*, No. 3:13-CV-00312-MMD, 2014 WL 65799, at *3–4 (D. Nev. Jan. 7, 2014); *Carter v. Foulk*, No. C 08-

3

02795 SBA (PR), 2009 WL 839105, at *3 (N.D. Cal. Mar. 30, 2009); *Davis v. United States*, 2007 WL 2225791 (E.D. Cal. July 31, 2007).

Therefore, to prevent such problems, the Court will permit plaintiff Palmer to proceed in this action but will sever from this action all the claims by plaintiffs Robert Alan Roginsky, Kevin Sunseri, Albert Moyle, Brian Ford, Timothy Sledge, Jeff Kerr, Matt Frazier, Richard Feverborn, and Jose Garcia. Each plaintiff will have his own action and will be required to file an amended complaint that includes only allegations that relate specifically to violations of that particular plaintiff's constitutional rights.

Plaintiffs are advised that, pursuant to Fed.R.Civ.P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of the particular claim, dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir.1988); *see also, Nevijel,* 651 F.2d at 674. In addition, in accordance with Rule 8, a plaintiff may not allege facts that are extraneous and not part of the factual basis for his particular constitutional claims that he includes in the complaint. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 can be violated when the plaintiff says too much). In order to state a claim against a named defendant, a plaintiff must allege <u>facts</u> about that defendant and identify how that defendant's conduct violated the plaintiff's particular constitutional right. General, conclusory, and vague allegations are insufficient, and a formulaic recitation of the elements of a cause of action is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Furthermore, unrelated claims that involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Claims may not be brought in the same case merely because all the claims are based on events that happened at the same prison or jail.

In order to assist the plaintiffs in drafting amended complaints, the Court will provide them with legal standards that may possibly be relevant to their claims. Plaintiffs need not and should not allege law or conclusions in their amended complaints. Instead, they should use these legal standards as guidelines for determining which particular true facts they must allege for which constitutional claims and against which defendants. They also should use the legal standards to help them determine whether they even are able to allege true facts sufficient to state a particular claim.

**A. Conditions of Confinement**

Plaintiff should note that a pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, while convicted prisoners who are serving their sentences are protected by the Eighth Amendment's Cruel and Unusual Punishment Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971). It is very likely that majority of the plaintiffs were pre-trial detainees at the time of the alleged events and that the Fourteenth Amendment, not the Eighth Amendment, would be the applicable law.

For a pre-trial detainee to state a colorable Fourteenth Amendment conditions of confinement claim, the plaintiff must allege facts sufficient to show:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

5

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

As the Court mentioned above, an assessment of the severity of the condition will depend, in part, on how long the plaintiff was subjected to the particular condition. Therefore, for each condition, the plaintiff must not only allege facts sufficient to explain the condition but must also allege facts sufficient to show how long he was exposed to the particular condition. Plaintiffs are advised that failure to allege such facts may result in the dismissal of a plantiff's claims. Merely alleging how long the person was in a booking cell may not be sufficient to adequately allege how long the plaintiff was subjected to a particular condition.

Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This means that Joseph Lombardo may not be held liable merely because he is the sheriff and is generally responsible for his employees or has certain general broad job responsibilities such as creating policies. Rather, if a plaintiff wishes to state a claim against Sheriff Lombardo, the plaintiff must allege facts sufficient to show that Sheriff Lombardo himself violated the plaintiff's constitutional rights. Therefore, if a plaintiff seeks to state a due process claim against Sheriff Lombardo, the plaintiff must allege true facts sufficient to meet the legal standard established in *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

**B. Municipal Liability**

It appears from the complaint that plaintiffs wish to rely on a theory of municipal liability to hold Clark County and the Las Vegas Metropolitan Police Department (LVMPD) liable.[1] A public agency is not a person or entity subject to suit unless that agency is a

---

[1] Plaintiffs are advised that the "CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (i.e., human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC,

6

separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). Pursuant to Federal Rule of Civil Procedure 17(b), the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See, e.g.*, *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). In Nevada, each city and county are political subdivisions of the state and independent legal entities, which means each city and county can sue or be sued. *Clark County v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS 41.031(2). The LVMPD is a political subdivision of the state and may sue or be sued in its own name. *See* NRS 280.280(4).

However, to state a colorable claim against Clark County or the LVMPD, a plaintiff must adequately allege a theory of municipal liability. A municipality may not be held liable under § 1983 on a *respondeat superior* theory, which means that a municipality may not be held liable merely because its employees have violated someone's civil rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). Municipalities may not be held liable under § 1983 unless action pursuant to municipal custom or policy caused a constitutional tort. *Id.* There must be a deliberate custom or policy and that custom or policy must cause the alleged constitutional violation. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016). Furthermore, the plaintiff must also show that the custom or policy was adhered to with deliberate indifference to the prisoners' constitutional rights. *Id.* at 1076. The deliberate indifference standard for municipalities is an objective inquiry into whether the facts available to the municipal policymakers put them on constructive notice that the particular conduct or omission is substantially certain to result in the violation of constitutional rights. *Id.*

Merely including a conclusory allegation that there is a custom or policy is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). For example, a plaintiff must go beyond bare assertions and plead facts sufficient to show that there is a policy, what

---

a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).

the policy is, and what role a defendant played in designing, adopting, and implementing the policy. *Id.* at 678-81.

In order to adequately allege a custom, a plaintiff must allege facts sufficient to show a longstanding practice or custom that constitutes the standard operating procedure of the local government entity. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "The custom must be so 'persistent and widespread' that it constitutes a permanent and well settled city policy." *Id.* (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

## II. FILING FEES

Plaintiff Elijah Palmer has filed an application to proceed *in forma pauperis* that is incomplete. Pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a plaintiff who does not pay the filing fee must complete an application to proceed *in forma pauperis* <u>and attach both an inmate account statement for the past six months and a properly executed financial certificate</u>. Plaintiff has not submitted a properly executed financial certificate or an inmate account statement. (*See* ECF No. 1). Therefore, the *in forma pauperis* application is denied without prejudice. Plaintiff Elijah Palmer will be granted an opportunity to cure the deficiencies of his application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If he chooses to file a new application to proceed *in forma pauperis*, within 30 days of the date of this order, he must file a fully complete application to proceed *in forma pauperis* with the required financial documents.

Plaintiffs Robert Alan Roginsky, Kevin Sunseri, Albert Moyle, Brian Ford, Timothy Sledge, Jeff Kerr, Matt Frazier, Richard Feverborn, and Jose Garcia have not paid the filing fee or filed an application to proceed *in forma pauperis*. These plaintiffs each will be granted an opportunity to file an application to proceed *in forma pauperis*, or in the alternative, pay the full filing fee for this action. If a plaintiff chooses to file an application

8

to proceed *in forma pauperis* he must file a fully complete application to proceed *in forma pauperis* including both an inmate account statement for the past six months and a properly executed financial certificate. Each plaintiff is required to file a complete application with the required financial attachments within 30 days of the date of this order.

If any plaintiff fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the required financial attachments, within 30 days of the date of this order, the action by that plaintiff will be dismissed without prejudice to that plaintiff later filing an action in a new case with a new complaint and providing the proper payment or *in forma pauperis* application.

## III.  CONCLUSION

For the foregoing reasons, it is ordered that plaintiff Elijah L. Palmer shall proceed as the sole plaintiff in Case No. 2:20-cv-00250-RFB-VCF. The claims by Robert Alan Roginsky, Kevin Sunseri, Albert Moyle, Brian Ford, Timothy Sledge, Jeff Kerr, Matt Frazier, Richard Feverborn, and Jose Garcia are severed into separate actions for each of these plaintiffs.

It is further ordered that the Clerk of the Court must administratively open a new case for each of the following plaintiffs: Robert Alan Roginsky, Kevin Sunseri, Albert Moyle, Brian Ford, Timothy Sledge, Jeff Kerr, Matt Frazier, Richard Feverborn, and Jose Garcia. Only one plaintiff shall be docketed in each case.

It is further ordered that the Clerk of the Court shall file and docket this order and a copy of the complaint (ECF No. 1-1) in each new case.

It is further ordered that the Clerk of the Court shall enter a court-generated notice of related cases in each of the ten cases. See LR 42-1.

It is further ordered that, within 30 days of the date of this order, each plaintiff must file an amended complaint limiting the allegations and claims to those that apply to him. Each plaintiff must place his own assigned case number on his amended complaint. The plaintiff should file the amended complaint on this Court's approved prisoner civil rights

9

form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if any plaintiff fails to file an amended complaint within 30 days of this order, that plaintiff's action will be dismissed without prejudice to that plaintiff later filing a new action with a new complaint.

It is further ordered that Plaintiff Elijah Palmer's application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice to filing a new application within 30 days of the date of this order.

It is further ordered that, within 30 days of the date of this order, each plaintiff is required to either pay the filing fee or file a complete application to proceed *in forma pauperis*, including both an inmate account statement for the past six months and a properly executed financial certificate.

It is further ordered that, if any plaintiff fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the required financial attachments, within 30 days of the date of this order, the action by that plaintiff will be dismissed without prejudice to that plaintiff later filing an action in a new case with a new complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis* with the required financial documents.

It is further ordered that the Clerk of the Court shall send each plaintiff an advisory letter with the particular plaintiff's new case name and number, a copy of the complaint, a copy of this order, the approved form for filing a § 1983 complaint with instructions, and the approved form application to proceed *in forma pauperis* by a prisoner with instructions.

DATED THIS 13th day of February 2020.

_____
UNITED STATES MAGISTRATE JUDGE

10