UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIJAH L. PALMER, *et al.*, | Case No. 2:20-cv-00324-KJD-DJA |
| Plaintiff | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Brian Ford incarcerated at the Clark County Detention Center. On February 13, 2020, this Court issued an order directing Plaintiff Ford to file an amended complaint and a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 within thirty days from the date of that order. (*Id.* at 10). The thirty-day period has now expired, and Plaintiff Ford has not filed an amended complaint or an application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff Ford to file an amended complaint and an application to proceed *in forma pauperis* or pay the full filing fee within thirty days expressly stated: "It is further ordered that if any plaintiff fails to file an amended complaint within 30 days of this order, that plaintiff's action will be dismissed without prejudice to that plaintiff later filing a new action with a new complaint." (ECF No. 4 at 10). Additionally, the Court's order also expressly stated: "It is further ordered that, if any plaintiff fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the required financial attachments, within 30 days of the date

1   of this order, the action by that plaintiff will be dismissed without prejudice to that plaintiff

2   later filing an action in a new case with a new complaint and either paying the full filing

3   fee or filing a complete application to proceed in forma pauperis with the required financial

4   documents." (*Id.* at 10).  Thus, Plaintiff Ford had adequate warning that dismissal would

5   result from his noncompliance with the Court's order to file an amended complaint and an

6   application to proceed *in forma pauperis* or pay the full filing fee within thirty days.

7         IT IS THEREFORE ORDERD that this action is dismissed without prejudice based

8   on Plaintiff Ford's failure to file an amended complaint or another application to proceed

9   *in forma pauperis* or pay the full filing fee in compliance with this Court's order dated

10   February 13, 2020.

11         IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter

12   judgment accordingly.

13         DATED:  _March 25, 2020

14

15         KENT J. DAWSON

16         UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28